ENTERPRISE IMPROVEMENT & MFG. CO. *v.* JOHN OFFILL.

[Abstract Kentucky Law Reporter, Vol. 7—592.]

**Corporate Liability.**

Where a corporation purchases property it will not be permitted to avoid payment on the ground that the credit was given to the president of the company and not to the company.

**No Recovery on Counterclaim Taken as Confessed in Absence of Evidence Showing Damages.**

The right to recover on a counterclaim can not be determined even when no reply is filed to it without proof and where no such reply is filed the court should proceed to hear proof as to the amount of damages sustained.

APPEAL FROM CARTER CIRCUIT COURT.

February 13, 1886.

OPINION BY JUDGE PRYOR:

We perceive no difficulty in concurring with the chancellor below in enforcing the lien but for the reason that no answer was filed to the counterclaim of the appellant. It is evident that the land has not been paid for by the appellant. But that the president of the company attempted to avoid payment on the idea that the credit was given to him and not to the company will not meet with much favor in a court of equity. It is immaterial whether the release was executed in Mt. Sterling or in the county of Carter; when looking to Bent's own statement the money on the check was to have been satisfied by the company and not by him. He says the reason the money was not paid at the time was that the company or the stockholders had not paid up their stock, and the appellee was to hold the check until the members paid in their money that the check might be met. Bent's testimony is stronger for the appellee than that introduced by the latter on the question of lien. The money was to come from the stockholders, and upon the faith of Bent's statement, who was the chief officer, the release was executed and the check accepted. The relation Bent occupied toward the company will not, under the facts as he details them, authorize the chancellor to sever that relation so as to relieve the company from liability and look to its chief officer in his private capacity for payment. The lien was executed, and unless the damages sustained by the appellant by reason of a breach of the contract (that is not denied) exceeds the amount of the note the lien should be enforced. We can not determine the right of recovery on the counterclaim from the testimony offered because the counterclaim must be taken for confessed, and without a reply thereto the chancellor should have proceeded to ascertain the damages.

This case must necessarily be reversed with directions to adjudicate the matters alleged in the counterclaim, and if no reply is filed or issue made by the plaintiff the judgment should be by the defendant; if a reply is filed then the court will look to the testimony to see whether a breach of the contract existed on the part of the plaintiff, and if so the extent of the injury sustained by the

defendant. We do not determine this question from the proof, but with the pleading of the defendant standing unanswered, the judgment below was erroneous. The proceeding was instituted before the present code was adopted, and although not styled a counterclaim under the old code it should have been replied to. The judgment below for the reasons indicated is *reversed* and remanded for proceedings consistent with this opinion.

*Henry L. Stone, for appellant.*

*E. F. Dulin, for appellee.*